# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44733

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 540 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 3, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| TRAVIS ALLEN CASTRO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Gregory W. Moeller, District Judge.

Judgment of conviction and aggregate unified sentence of twelve years, with a minimum period of confinement of five years, for fleeing or attempting to elude a police officer, grand theft by possession, and possession of methamphetamine, affirmed; order denying Idaho Criminal Rule 35 motion for reduction of sentences, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge
_____

PER CURIAM

Travis Allen Castro pled guilty to fleeing or attempting to elude a police officer, Idaho Code § 49-1404(2)(a)(b), (c); grand theft by possession, I.C. § 18-2403(4); and possession of methamphetamine, I.C. § 37-2732(c)(1). The district court imposed unified sentences of five years, with three years determinate, for fleeing or attempting to elude; seven years, with two years determinate, for grand theft by possession; and six years, with two years determinate, for possession of methamphetamine. The district court ordered the grand theft and possession

1

sentences to run consecutive to the fleeing or attempting to elude sentence but concurrent to each other. Castro filed an Idaho Criminal Rule 35 motion, which the district court denied. Castro appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Castro's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Castro's judgment of conviction and sentences, and the district court's order denying Castro's Rule 35 motion, are affirmed.